NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3794

_____

NAOMI C. SATTERWHITE,
Appellant

v.

MONTGOMERY COUNTY;
MONTGOMERY COUNTY COURT OF COMMON PLEAS

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-01024)
District Judge: Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2012

Before:  SLOVITER, RENDELL and HARDIMAN, Circuit Judges

(Opinion Filed:  September 20, 2012)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Naomi Satterwhite sued her employer, Montgomery County, alleging racial

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

2000e *et seq*., and 42 U.S.C. § 1981.  The District Court granted Montgomery County's

motion for summary judgment because Satterwhite failed to present evidence that she was qualified for the positions that she sought. We will affirm the District Court's judgment.

## BACKGROUND

Satterwhite is an African American who worked for 25 years as a full-time judicial secretary at the Montgomery County Court of Common Pleas until her retirement in 2000. In November 2005, she decided to come out of retirement and began working for Montgomery County as a Tipstaff. In November 2006, she discussed with her supervisor a potential switch from her position as a Tipstaff to a full-time substitute judicial secretary position or a part-time on-call secretary position. At her interview, Satterwhite stated, "I'm not interested in a full-time position." (102a.) In a letter sent to confirm the interview, Satterwhite expressed interest in the on-call position "provided [she was] given an approximate schedule for services needed rather than waiting for a call." (178a.) She was not hired for either position.

Satterwhite sued, claiming that the hiring decisions were based on racial animus and that the reasons proffered by Montgomery County were pretextual. The District Court granted summary judgment for Montgomery County, holding that Satterwhite failed to establish a prima facie case of racial discrimination. Satterwhite was not qualified for either position she sought, the District Court held, because she was unable to work on an as needed basis and unwilling to accept a full-time job.

On appeal, Satterwhite argues that the District Court found only one element of the prima facie case for racial discrimination to be lacking, that its finding on this element

was error, that the finding did not take all the evidence into account, and that the reasons proffered by Montgomery County for not hiring her were pretextual.

## I.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's summary judgment order is plenary. *Detz v. Greiner Indus., Inc.*, 346 F.3d 109, 115 (3d Cir. 2003). Summary judgment is proper if no genuine issue of material fact exists, and if the moving party is entitled to judgment as a matter of law. *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

A Title VII race discrimination plaintiff must meet an initial prima facie burden consisting of four elements: (1) that she is a member of a protected class; (2) that she was qualified for the job; (3) that she did not receive the job despite those qualifications; and (4) after the plaintiff's rejection, the job remained open and the employer sought applications from individuals with the plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

If the plaintiff meets this initial burden, then the burden of production shifts to the defendant to show a legitimate non-discriminatory reason for not hiring the plaintiff. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the defendant proffers a legitimate non-discriminatory reason for not hiring the plaintiff, then the burden of production again shifts to the plaintiff to establish that the reason offered by the defendant is pretextual. *Id.* at 142-43.

## II.

The District Court correctly held that Satterwhite was unqualified for the positions she sought. A plaintiff must possess the minimal qualifications for a position to establish a prima facie case of racial discrimination. *Makky v. Chertoff*, 541 F.3d 205, 215 (3d Cir. 2008). The District Court correctly noted that willingness to accept and perform the job is an objective minimal qualification of the position. Satterwhite mentioned in her interview that she was "not interested in a full-time job." (102a.) This rendered her objectively unqualified for the substitute judicial secretary job, which was a full-time position.

Likewise, Satterwhite did not meet the objective minimal qualifications of the part-time on-call secretary position. While Satterwhite expressed interest in the part-time position, she indicated that she required "an approximate schedule for services needed rather than waiting for a call." (178a.) Again, the District Court correctly noted that the official job description for the part-time on-call position specifies that the employee must be available "on an as needed basis." (181a.) Satterwhite's need for a set schedule was incongruent with the requirements for the part-time on-call position.[1]

Satterwhite argues that Montgomery County had prior knowledge of these facts, and its subsequent decision to interview her in spite of that knowledge is evidence that she was qualified for the positions. We disagree. Montgomery County's decision to interview Satterwhite in spite of information that she was unqualified has no effect on the

---

[1] The Court notes that in April 2008, Satterwhite indicated a willingness to work on-call and was hired by Montgomery County as a part-time on-call secretary.

analysis.  Nothing about this fact undermines the requirements for the job; it is just as easily explained as a courtesy to a longtime employee.  Because Satterwhite fails to make a prima facie showing of discrimination, summary judgment was appropriately granted to Montgomery County.

### III.

Even if Satterwhite had made a prima facie showing, Montgomery County offers a non-discriminatory reason for not hiring her (her inability or unwillingness to accommodate the jobs' work schedules), and Satterwhite fails to offer sufficient evidence of pretext.  Satterwhite points to the fact that she was the only African-American full-time judicial secretary as circumstantial evidence of racism.   But as Montgomery County notes, it does not make hiring decisions for full-time judicial secretaries, so the racial composition of that group is inapposite.  There is no indication in the record that Montgomery County's hiring decisions have been motivated by race.

Satterwhite also suggests that letters sent by Montgomery County to notify her that she was not selected for the positions are evidence of pretext.  Since the letters did not specify a reason for not hiring her, she argues that the presently stated reasons were manufactured to cover up Montgomery County's discrimination.  We disagree.  The letters did not tell Satterwhite why she was not hired, but no reasonable jury could conclude from this that the reasons now offered by Montgomery County are pretexual.

### IV.

For the foregoing reasons, we affirm the District Courts grant of summary judgment for Montgomery County.